**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

William Freeman,                                                Case No. 4:11CV791

                 Petitioner

v.                                                              **ORDER**

Margaret Bradshaw,

                 Respondent

Petitioner William Freeman, objects [Doc. 15] to the Magistrate Judge's Report and Recommendation (Magistrate's Report) [Doc. 14], which recommends denying Freeman's petition for habeas corpus pursuant to 28 U.S.C. § 2254. Based on a *de novo* review of the record and the applicable law, I overrule Freeman's objections, and adopt the Magistrate's Report in full. *See Thomas v. Arn,* 474 U.S. 140, 142 (1985) (holding that a party contesting a Magistrate's recommendation may file timely objections to be reviewed *de novo* by a district court judge).

**Background**

The Ohio Court of Appeals summarized the background to Freeman's case as follows:

On October 2, 2007, Oliver Eaton was sitting in his car in the parking lot of 1629 Shehy, Youngstown, Ohio, when he was allegedly robbed by Hector Perez and Freeman. That evening, Eaton, Perez and Freeman, among others, were at Amber Horvath's apartment at 1629 Shehy. Due to an alleged disrespectful act by Eaton towards Perez's fiancée, Perez planned to scare Eaton that night with his shotgun; he

> allegedly did not plan on robbing Eaton. (Tr. 219). Perez asserted at trial that Freeman knew of the plan to scare Eaton and brought Perez's gun to him at 1629 Shehy. (Tr. 219). At trial, Freeman acknowledged that he took the gun to the apartment that night for Perez, but he denied any knowledge of, or involvement in, the alleged robbery of Eaton. (Tr. 350).
>
> According to the victim and Perez, the robbery occurred as follows. Perez and Freeman approached Eaton while he was in his car; Perez carried the shotgun and Freeman was armed with a knife. (Tr. 177, 185, 227). Perez shot one round in the air and Freeman slashed the tires of the car. (Tr. 178-179, 184, 225). Then, while holding a knife to Eaton's side, Freeman went through the victim's pockets and took over $900. (Tr. 178-179, 184, 225). Eaton testified that after Freeman took the money, he allegedly left the scene. (Tr. 185). A struggle then occurred between Perez and Eaton that resulted in the gun breaking. (Tr. 185 229). Eaton ran and found a police car nearby in the street. (Tr. 200, 229). Perez ran up into the apartment at 1629 Shehy and hid the gun. (Tr. 229). The police arrived, arrested Perez and recovered the gun. (Tr. 185-186, 230).
>
> As a result of the incident, Freeman was charged with one count of aggravated robbery, a violation of R.C. 2911.01(A)(1)(C), a first degree felony, and a firearm specification, a violation of R.C. 2941.145(A). 11/01/07 Indictment. In early January 2008, the trial court ordered a competency evaluation. In March 2008, upon reviewing the competency report, the trial court found Freeman competent to stand trial. 03/20/08 J.E. Freeman then filed a motion to dismiss based upon a speedy trial violation; the trial court denied the motion. 03/26/08 Motion to Dismiss. Trial began on March 31, 2008, and the jury found Freeman guilty of aggravated robbery and guilty of complicity on the gun specification.
>
> Sentencing occurred on April 8, 2008. Freeman received five years for the aggravated robbery conviction and a mandatory three year sentence for the gun specification. 04/10/08 J.E. The sentences were required to be served consecutively. 04/10/08 J.E. Freeman filed a timely appeal from the conviction and sentence.

*State v. Freeman*, 2009 WL 1813791, *1 (Ohio App.).

Freeman appealed his conviction to the Ohio Court of Appeals for the Seventh Appellate District. He raised six assignments of error on both federal and state constitutional grounds: 1) failure to attempt to prove the requisite *mens rea* for robbery, thus denying due process under the 14th Amendment and the Ohio Constitution; 2) improper denial of Freeman's motion to dismiss based on his right to a speedy trial; 3) insufficient evidence; 4) improper balancing of the evidence; 5) failure to order a second competency evaluation; and 6) ineffective assistance of

counsel. [Doc. 9-1]. The Court of Appeals sustained Freeman's first ground for appeal and remanded the case to the trial court. *Freeman*, 2009-Ohio-3052.

The State then filed a Notice of Certified Conflict with the Ohio Supreme Court, arguing that the question on appeal had been answered in *State v. Lester*, 123 Ohio St.3d 396 (2009). The Ohio Supreme Court granted review of this claim and reversed the Court of Appeals's decision to remand the case.

On April 21, 2011, Freeman filed a petition in this court for federal habeas relief pursuant to 28 U.S.C. § 2254.

## Discussion

As his sole ground for habeas relief, Freeman asserts that the Ohio Supreme Court violated his due process and equal protection rights in reversing the Court of Appeals's decision to overturn the trial court's conviction. Freeman bases this assertion on the failure of the indictment to allege a requisite *mens rea* for the robbery.

I consider first whether Freeman has properly asserted a violation of a federal constitutional right. I will then consider whether Freeman has established a violation of a federal constitutional right entitling him to relief under his habeas petition.

The Magistrate Judge recommends dismissing Freeman's petition, finding his claim failed to raise a federal constitutional issue.

For Freeman to be entitled to federal habeas corpus relief, he must establish that a constitutional violation occurred. *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994). Absent a constitutional violation, "habeas review does not encompass state court rulings on the admission of evidence." *Id.*

Freeman fails to advance his claim as a distinctly federal constitutional issue.  There are four ways Freeman could have established a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003). Freeman's claim, however, was rooted primarily in state law and failed to find a federally recognizable deficiency in the indictment.

Freeman asserts that the failure of the indictment to specify the requisite *mens rea* for robbery constituted a due process violation under the Fourteenth Amendment. Though a federal guarantee for a grand jury indictment exists under the Fifth Amendment, it does not apply to the states. *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir. 1984) (*citing Branzburg v. Hayes,* 408 U.S. 665 (1972)).  In fact, no indictment is required under the Due Process Clause of the 14th Amendment so long as there has been some form of notice of the charges that is deemed sufficient. *Combs v. Tennessee,* 530 F.2d 695, 699 (6th Cir. 1976).

To establish that a state has given proper notice of the charges, the charging document must describe the  "with some precision and certainty so as to apprise the accused of the crime with which he stands charged." *Williams v. Haviland*, 467 F.3d 527, 535 (6th Cir. 2006). In this case the indictment fully informed the petitioner that he stood charged with aggravated robbery under ORC § 2911.01 (A)(1) and the elements constituting robbery as related to theft under ORC § 2913.01. [Doc. 9-1].  Therefore, Freeman fails to establish that the indictment contained sufficient prejudice so as to prevent him from adequately preparing for trial.

As Freeman failed to identify a federal constitutional violation, I need not address the requisite *mens rea* for robbery to adopt the Magistrate's Report and Recommendation. However, if Freeman's claim had identified a federal constitutional issue, he still had to cite applicable ase law to succeed.  Freeman relies on *State v. Colon* holding that "while the robbery does not expressly state the degree of culpability required for subsection (2), the mental state of the offender is part of every criminal offense in Ohio, except those that plainly impose strict liability." *State v. Colon*, 118 Ohio St.3d 26, 28 (2008).  Freeman argues that, as the indictment was silent on the requisite *mens rea*, the recklessness standard for robbery applies.

At present, the holding in *Colon* is not good law in Ohio. Respondent relies on case law that would retroactively apply to Freeman, arguably prejudicing him.  *See State v. Lester*, 123 Ohio St.3d 396, 400 (holding that brandishing a weapon constitutes an aggravating factor in robbery and is punishable as a strict liability offense).  *Lester* upholds law established and followed in cases concluded long before Freeman's arose. *See State v. Wharf,* 86 Ohio St.3d 375, 377 (1999) (holding that theft committed while in possession of a deadly weapon is a strict liability offense, requiring no further *mens rea*).

Even if Freeman had asserted a federal constitutional claim establishing standing, the offense of aggravated robbery constitutes a strict liability offense.  Freeman's objections to the Magistrate's judgment fail to persuade me that the Magistrate erred in his findings.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT:

1. Petitioner's objections to the Report and Recommendation of the United States Magistrate Judge be, and the same hereby are, overruled; and

2. The Report and Recommendation of the United States Magistrate Judge be, and the same hereby is adopted, with the petition dismissed.

So ordered.

>	/s/ James G. Carr
> James G. Carr
> Sr. United States District Judge