**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM A. FREEMAN, | ) | CASE NO. 4:11-cv-791 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| MARGARET BRADSHAW, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

### I. Procedural Background

Previously, it was recommended that William A. Freeman's ("Freeman") petition challenging the constitutionality of his conviction in the case of *State v. Freeman*, Mahoning County Court of Common Pleas Case No. 2007-CR-1291 be denied.[1] (ECF No. 14.) The District Court overruled subsequent objections, finding that "Freeman failed to identify a federal constitutional violation." (ECF No. 16 at 5.) Alternatively, the District Court found that "[e]ven if Freeman had asserted a federal constitutional claim establishing standing, the offense of aggravated robbery constitutes a strict liability offense." *Id*.

Upon appeal, the Sixth Circuit instructed the district court to either issue a certificate of

---

[1] In his sole ground for relief, Freeman asserted that his due process rights were violated when the indictment failed to specify the *mens rea* for robbery.

appealability ("COA") or state the reasons why such a certificate should not issue, pursuant to Federal Rule of Appellate Procedure 22(b). (ECF No. 20.) This matter was referred for a report and recommendation as to whether a COA should issue. (ECF No. 24.)

## II.  Analysis

A determination as to whether Freeman is entitled to a certificate of appealability ("COA") is governed by 28 U.S.C. § 2253(c). "A state or federal prisoner who seeks to take an appeal from the dismissal of a habeas corpus petition or motion to vacate must satisfy the COA requirements of 28 U.S.C. § 2253(c)." *Gasaway v. United States*, 2012 WL 4829416 (W.D. Ky. Aug. 9, 2012) *aff'd*, 2012 WL 4815526 (W.D. Ky. Oct. 10, 2012). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims *on the merits*, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Conversely, if a habeas petition is denied on *procedural grounds* without reaching the underlying constitutional claim, a COA should only issue if jurists of reason would find it debatable (1) whether the petition states a valid claim of the denial of a constitutional right, **and** (2) whether the district court was correct in its procedural ruling. *Id*.

Freeman has failed to make the requisite showing. For the reasons discussed in detail in the Report and Recommendation and the District Court's order, to the extent Freeman has raised a cognizable habeas claim, he was provided fair notice of the charges against him. (ECF No. 14.) Freeman argued that his indictment was defective, but this claim was found not cognizable upon

habeas review, as it is well settled that the federal guarantee of a grand jury indictment does not apply to the states.  *See, e.g., Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) (*citing Branzburg v. Hayes*, 408 U.S. 665 (1972)); *accord Riffel v. Erwin*, 2005 U.S. Dist. LEXIS 11666 (S.D. Ohio 2005).  Nonetheless, the Court recognized that the Due Process Clause of the Fourteenth Amendment requires that a state must give a criminal defendant "fair notice" of the charges against him to permit adequate preparation of his defense.  *See Williams v. Haviland*, 467 F.3d 527, 535 (6th Cir. 2006); *Koontz*, 731 F.2d at 369; *Blake v. Morford*, 563 F.2d 248 (6th Cir. 1977).  Thus, to the extent Freeman was challenging his lack of notice as to the level of culpability required, the Court found that aggravated robbery is a strict liability offense and, therefore, the indictment gave Freeman fair notice of the charge against him.  (ECF No. 16 at 5.)  Furthermore, no clearly established federal law, as determined by the United States Supreme Court, requires state indictments to expressly set forth the *mens rea* of an offense.[2]  (ECF No. 14.)  No reasonable jurist could disagree that Freeman has failed to establish the denial of a federal constitutional right.

For the foregoing reasons, it is recommended that Petitioner be DENIED a certificate of appealability under 28 U.S.C. § 2253.

/s/ *Greg White*
U.S. Magistrate Judge

Date: December 5, 2012

---

[2]  Notably, the Ohio Supreme Court has found that with respect to the crime of aggravated robbery, of which Freeman was convicted, the element of brandishing, displaying, using, or indicating possession of a deadly weapon has no *mens rea* and strict liability is imposed with regard to that element.  *State v. Lester*, 916 N.E.2d 1038, 123 Ohio St.3d 396 (Ohio 2009).  As such, the argument that Freeman lacked fair notice of the *mens rea*, where none was required, is clearly meritless.

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**